UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHELSA BERNADETTE MAYO, | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| WALMART, INC f/k/a | * | MAGISTRATE: |
| WAL-MART STORES, INC . | * | |
| | * | |

---

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

Plaintiff, **CHELSA BERNADETTE MAYO**, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **GERTLER LAW FIRM** hereby submits the following Complaint and Demand for Jury Trial against Defendant **WALMART, INC f/k/a WAL-MART STORES, INC**. (hereafter referred to as "Walmart," and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.	This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a Farberware 7-in-1 programmable pressure cooker (hereafter generally referred to as "pressure cooker(s)") exclusively sold by Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. (hereafter referred to as "Walmart" or "Defendant"). Specifically, the subject programmable pressure cooker is a sublicensed product owned by Defendant Walmart, which Walmart holds out as its own:

1

*Identification plate of Plaintiff's pressure cooker.*

2.      On or about September 7, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

4.      Specifically, said defects manifest themselves when the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case removed the lid while,

unbeknownst to her, the pressure cooker still retained pressure, causing him serious and substantial bodily injuries and damages.

5.    As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### CHELSA BERNADETTE MAYO

6.    At the time of the incident leading to this lawsuit, Plaintiff is a resident and citizen of the o the City Iowa, Parish of Calcasieu, State of Louisiana. Plaintiff therefore is a resident and citizen of the State Louisiana for purposes of diversity pursuant to 28 U.S.C. § 1332.

7.    Plaintiff purchased the subject pressure cooker from the Walmart Supercenter located at 2500 N Martin Luther King Hwy, Lake Charles, LA 70601

8.    On or about September 7, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms," which purport to keep the consumer safe while using the pressure cooker.  In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT WALMART, INC f/k/a WAL-MART STORES, INC.,

9.    Defendant Walmart designs, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

10. Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11. At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Louisiana and intentionally availed itself of the markets within Louisiana through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15. Walmart is in engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

16.     Walmart warrants, markets, advertises and sells its Farberware pressure cookers as a means "to take the guesswork out of the most common cooking tasks."[1]

17.     It further boasts that their pressure cookers have a "large locking lid to prevents [sic] the cooker from opening while pressurized,"[2] which purports to keep the user safe while cooking.

18.     For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with "important safeguards" that prevent the lid from unlocking until "the float valve drops down by itself."[3]

19.     By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20.     Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

21.     However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

---

[1] https://www.walmart.com/ip/Farberware-Programmable-Digital-Pressure-Cooker-6-Quart/46543314 (last accessed October 16, 2023).
[2] *Id.*
[3] Attached hereto as "Exhibit A" and incorporated by reference is the "Farberware 7-in-1 programmable pressure cooker" Owner's Manual. See, e.g. pgs. 3, 11.

22.     The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

23.     Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

25.     Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION
## PURSUANT TO THE LOUISIANA PRODUCTS LIABILITY ACT
### LSA-R.S. 9:2800.52, *et. seq.*

26.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27.     At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff and her family.

28.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

29.      Defendant, under all applicable laws including, but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.52 et seq., is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, producing, testing, inspecting, labeling,

marketing, advertising, promoting, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because adequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES AND DAMAGES

30.     As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the injuries he suffered from the incident.

31.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the injuries he suffered from the incident.

32.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the injuries he suffered from the incident.

33.     Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a.  judgment for Plaintiff and against Defendant;

    b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cooker;

    c.  pre and post judgment interest at the lawful rate;

    d.  punitive damages on all applicable Counts as permitted by the law;

    e.  a trial by jury on all issues of the case; and

    f.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

**GERTLER LAW FIRM**

Dated: August 8, 2025

*/s/ Louis L. Gertler, Esq*
Louis L. Gertler, Esq. (#23091)
935 Gravier Street, Suite 1900
New Orleans, LA 70112
(504) 581-6411
lgertler@gertlerfirm.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com

***Attorneys for Plaintiff***

9